# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE PALAZZOLO,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID C. DAMSKER, BUCKS COUNTY, PENNSYLVANIA, BUCKS COUNTY, PENNSYLVANIA HEALTH DEPARTMENT, JOHN DOE, RITA ROE, and all others acting in concert with them and/or on their behalf,<br><br>    Defendants. | No. 10 7430<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Joanne Palazzolo, by her attorney, hereby brings the following Complaint, demands a jury trial on all claims so triable, and avers as follows:

1.  Joanne Palazzolo is an adult individual and citizen of the United States and the Commonwealth of Pennsylvania whose date of birth is February 10, 1956.

2.  Defendant Bucks County, Pennsylvania, ("Bucks County") is a county and a political subdivision of the Commonwealth of Pennsylvania and employs and has employed more than twenty (20) employees in each of twenty or more calendar weeks in the years 2010 and 2009.

3.  Bucks County is a public body and an employer within the meaning of the Pennsylvania Whistleblower Law, 43 P.S. § 1421 *et seq.* ("PWL") and an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA")

4.  Defendant Bucks County, Pennsylvania, Health Department (the "Health Department") is a department within Bucks County financed and operated by Bucks County and

employs and has employed more than twenty (20) employees in each of twenty or more calendar weeks in the years 2010 and 2009.

5. The Health Department is a public body and employer within the meaning of the PWL and the ADEA.

6. Defendant David C. Damsker is the Director of the Health Department and, as such, is an agent of Bucks County and the Health Department who is responsible for the overall day-to-day operation and management of the Health Department and who supervises more than one employees.

7. Defendants John Doe, Rita Roe and all others acting in concert with any other Defendant and/or on behalf of themselves and/or the other Defendants, are as yet unidentified individuals who violated Mrs. Palazzolo's rights and their statutory duties as described herein.

8. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331 and § 1367.

9. Mrs. Palazzolo was employed as the Business Manager in the Health Department where Defendant Damsker was her immediate supervisor.

10. As Business Manager of the Health Department, Mrs. Palazzolo served as an adviser to Defendant Damsker and was responsible for, among other things, budget preparation, fiscal and grants management, and participation in the development of both long and short term plans relating to Public Health Programs.

11. As Business Manager of the Health Department, Mrs. Palazzolo was also responsible for, among other things, assisting Defendant Damsker in the maintenance of internal fiscal control and monitors capital equipment purchases; on behalf of Defendant Damsker serving as a liaison with other Bucks County departments and row offices on fiscal matters, as

well as with Federal and State grant and fiscal administrators; and for developing and implementing departmental fiscal policies and procedures for the Health Department in accordance with county, state and national guidelines.

12. Mrs. Palazzolo's employment with the Health Department extended from January 2007 until August 18, 2010, when she was fired.

13. Throughout her employment with the Health Department, Mrs. Palazzolo repeatedly observed instances of fraud and waste in connection with the time keeping practices of the Health Department that enabled, encouraged and caused employees falsely to report their hours worked in order to obtain monetary compensation or compensatory time off for those fraudulent hours.

14. Mrs. Palazzolo repeatedly reported the theft of time that was ongoing in the Health Department to Defendant Damsker as well as to Damsker's immediate supervisor, Joseph Funk, and to Brian Hessenthaler.

15. Joseph Funk is employed by Bucks County as its Director of Human Services, and Brian Hessenthaler is employed by Bucks County as its Acting Chief operating Officer.

16. Defendant Damsker never took any action in response to Mrs. Palazzolo's reports of fraudulent payroll practices occurring in the Health Department.

17. On August 8, 2010, Mrs. Palazzolo reported to Mr. Hessenthaler various instances of fraudulent time theft in the Health Department.

18. On August 9, she received a telephone call from Mr. Funk concerning her report to Mr. Hassenthaler the previous day.

19. When he called her, Mr. Funk first instructed Mrs. Palazzolo to close her office door.

20. After she followed his instruction, Mr. Funk admonished Mrs. Palazzolo asking her why she did not come to him first about the time theft in the Department.

21. That admonishment was not well grounded since Mrs. Palazzolo had indeed informed Mr. Funk about the theft of time issue repeatedly over the last three years.

22. Mr. Funk informed Mrs. Palazzolo that he would now have to come to the Department office to discuss the theft of time matter Dr. Damsker.

23. After the telephone call between Mrs. Palazzolo and Mr. Funk on August 9, 2001, Mr. Funk visited the Health Department offices that day and met with Dr. Damsker.

24. At approximately 5:00 p.m. that same afternoon, Dr. Damsker disseminated an email to all Department employees regarding the need for them accurately to sign-in and sign-out of work for time recordkeeping purposes.

25. Mrs. Palazzolo had been trying to prevail on Dr. Damsker to send such an email for years.

26. The next day, August 10, 2010, Mrs. Palazzolo received a telephone call from Assistant County Controller, Kimberly Doran.

27. Ms. Doran requested that Mrs. Palazzolo meet with her and County Investigator, David Rouland, the following day, August 11, 2010, at 2:00 p.m. at her office in Doylestown.

28. Of course, Mrs. Palazzolo acceded to Ms. Doran's request and met with Ms. Doran and Mr. Rouland on August 11.

29. Before she left her office to meet with Ms. Doran and Investigator Rouland in Doylestown, Mrs. Palazzolo signed-out on the white board in the Health Department office to reflect that she was out of the office on County business.

30. In her meeting with Ms. Doran and Investigator Rouland, Mrs. Palazzolo was asked about the theft of time in the Health Department that she had recognized and reported as well as about an hourly employee in the Department who was permitted to work from home contrary to County policy, and provided truthful information to the best of her ability in response to the inquiries.

31. At the conclusion of the meeting, Ms. Doran instructed Mrs. Palazzolo to keep the fact and substance of their meeting strictly confidential and not disclose it to anyone.

32. After that meeting, Mrs. Palazzolo briefly visited County Finance office.

33. Then, Mrs. Palazzolo returned to her office at the Health Department where Dr. Damsker awaited her.

34. Dr. Damsker repeatedly interrogated Mrs. Palazzolo about her whereabouts that afternoon.

35. But, Mrs. Palazzolo was constrained to comply with Ms. Doran's instruction that she not reveal her earlier meeting.

36. The next day, August 12, Dr. Damsker continued to interrogate Mrs. Palazzolo about her whereabouts the previous afternoon.

37. Dr. Damsker was exceptionally persistent in his inquisition of Mrs. Palazzolo about where she was for a couple hours in the middle of the day on August 11 when, for years, Dr. Damsker permitted employees to falsify the hours they worked and obtain compensation and/or compensatory time off for hours that they did not work

38. Ultimately, late in the afternoon of August 12, 2010, Mrs. Palazzolo told Dr. Damsker that she was out of the office on County business the previous afternoon and would have the person with whom she had met contact him to confirm that.

39. Mrs. Palazzolo was very upset and unnerved by Dr. Damsker's persistent inquisition where she was directed by Ms. Doran not to disclose their meeting to anyone and against a backdrop of Dr. Damsker's historical cavalier laxness about the attendance of other employees.

40. In fact, Mrs. Palazzolo was distracted by Dr. Damsker's harassing persistence and had an automobile accident on her way home that day.

41. On August 13, 2010, Mrs. Palazzolo emailed Dr. Damsker to inform him that she was in a car accident the previous evening and that she was going to her physician so she would not be in work that day.

42. Dr. Damsker instructed Mrs. Palazzolo that when she returned to work on Monday, she was to bring with her a note from her physician confirming that she was seen by him on the 13th and that she was to report to the County Human Resources Department first thing in the morning.

43. Under County policy, employees are not required to submit a doctor's note in connection with an absence unless the absence is for three or more days.

44. So, Mrs. Palazzolo called Dr. Damsker to ask why she was being treated in a manner that was not consistent with County policies.

45. Dr. Damsker replied that it was just policy and that Human Resources told him to tell her to bring a doctor's note.

46. Mrs. Palazzolo was examined by her physician and was told by him that she should not return to work until at least August 18, but that they would assess the situation with her health day-to-day.

47. Mrs. Palazzolo emailed Dr. Damsker informing him of her physician's instructions.

48. In the meantime, on August 13, 2010, Ms. Doran sent Dr. Damsker an email confirming that Mrs. Palazzolo had met with her on August 11 on County business.

49. Sensing Dr. Damsker's nefarious motives, on August 14, 2010, Mrs. Palazzolo emailed Meredith Dolan in the Bucks County Human Resources Department along with Mr.Hessenthaler requesting their protection from retaliation violative of the Pennsylvania Whistleblower's Act and Bucks County policy.

50. On August 16, Mrs. Palazzolo sent another email to Ms. Dolan to the same effect.

51. Mrs. Palazzolo's plea for protection fell on deaf ears.

52. On August 18, Mrs. Palazzolo reported to the Bucks County Human Resources Department with her doctor's note and a photograph of her damaged car in hand.

53. With Dr. Damsker present, Ms. Dolan immediately told Mrs. Palazzolo that she was fired for lying to Dr. Damsker about her whereabouts on August 11.

54. The reason proffered by Ms. Dolan for the employment termination of Mrs. Palazzo was false.

## COUNT I

### (Common Law Wrongful Discharge)

55. The foregoing averments are incorporated by reference as if fully set forth herein.

56. The Defendants terminated Mrs. Palazzolo's employment because she reported and opposed the practice of employees in the Health Department failing to sign-in and sign-out of work in accordance with County policy; the practice of employees in the Health Department

being compensated for hours that they did not work; and the practice of employees in the Health Department stealing time.

57. Further, the Defendants terminated Mrs. Palazzolo's employment because she participated in an investigation of the Bucks County Auditor, provided truthful information in that investigation, and complied with all instructions and requests of the Bucks County Auditor.

58. The Defendants violated the public policy of the Commonwealth of Pennsylvania by terminating Mrs. Palazzolo's employment.

WHEREFORE, Plaintiff respectfully demands the following relief:

(a) Reinstatement into her position in the Bucks County Health Department on the same terms and conditions under which she would have been employed had she not been unlawfully fired or front pay in lieu of reinstatement if reinstatement is not feasible;

(b) Back pay and benefits lost as a result of Defendants' unlawful conduct;

(c) Compensatory damages in an amount in excess of $100,000.00;

(d) Punitive damages in an amount to be determined at trial;

(e) That Defendants be permanently enjoined from unlawfully retaliating against her in any way; and

(f) Such other relief as the Court deems just and proper.

## COUNT II

### (Pennsylvania Whistleblower Law)

59. The foregoing averments are incorporated by reference as if fully set forth herein.

60. In reporting and opposing the practice of employees in the Health Department failing to sign-in and sign-out of work in accordance with County policy; the practice of employees in the Health Department being compensated for hours that they did not work; and

the practice of employees in the Health Department stealing time, Mrs. Palazzolo made a good faith report to the Defendants of wrongdoing or waste within the meaning of the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.*

61. The Defendants violated the Pennsylvania Whistleblower Law, 43 P.S. § 1421, *et seq.* by terminating Mrs. Palazzolo's employment in retaliation for reporting and opposing the wrongdoing or waste.

WHEREFORE, Plaintiff respectfully demands the following relief:

(a) Reinstatement into her position in the Bucks County Health Department on the same terms and conditions under which she would have been employed had she not been unlawfully fired or front pay in lieu of reinstatement if reinstatement is not feasible;

(b) Back pay and benefits lost as a result of Defendants' unlawful conduct;

(c) Compensatory damages in an amount in excess of $100,000.00;

(d) Punitive damages in an amount to be determined at trial;

(e) That Defendants be permanently enjoined from unlawfully retaliating against her in any way; and

(f) Such other relief as the Court deems just and proper.

## COUNT III

### (Age Discrimination in Employment Act)

62. The foregoing averments are incorporated by reference as if fully set forth herein.

63. More than sixty (60) days before the filing of this Complaint, Mrs. Palazzolo filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission claiming, *inter alia*, that she was terminated from her employment with the Health Department because of her age in violation of the ADEA.

64.  At the time of her discharge, Mrs. Palazzolo was 54 years old.

65.  Mrs. Palazzolo's age (54 years old) was a motivating factor in the Defendants' decision to terminate her employment in violation of the ADEA.

66.  The Defendants' discrimination against Mrs. Palazzolo because of her age was willful.

WHEREFORE, Plaintiff respectfully demands the following relief:

(a) Reinstatement into her position in the Bucks County Health Department on the same terms and conditions under which she would have been employed had she not been unlawfully fired or front pay in lieu of reinstatement if reinstatement is not feasible;

(b) Back pay and benefits lost as a result of Defendants' unlawful conduct as well as liquidated damages in an amount two times the amount of the pay and benefits lost;

(c) That Defendants be permanently enjoined from unlawfully discriminating against her in any way; and

(d) Such other relief as the Court deems just and proper.

Respectfully submitted,

Edward S. Mazurek
Identification No. 50278
**THE MAZUREK LAW FIRM, LLC**
P.O. Box 15792
Philadelphia, PA 19103
215-988-9090

Attorney for Plaintiff, Joanne Palazzolo