## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JOANNE PALAZZOLO              : CIVIL ACTION
                              :
     vs.                      :
                              : NO. 10-CV-7430
DAVID C. DAMSKER,             :
BUCKS COUNTY, PENNSYLVANIA,   :
BUCKS COUNTY PENNSYLVANIA     :
HEALTH DEPARTMENT, JOHN DOE,  :
RITA ROE, and all others      :
acting in concert with them   :
and/or on their behalf        :
```

**ORDER**

AND NOW, this    30th    day of April, 2012, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 15) and Plaintiff's Response thereto, it is hereby ORDERED that the Motion for Summary Judgment is DENIED.[1]

---

[1] Summary judgment is appropriate only if there are no genuine issues of material fact such that the movant is entitled to judgment as a matter of law. Erdman v. Nationwide Insurance Co., 582 F.3d 500, 502 (3d Cir. 2009); Fed. R. Civ. P. 56(a). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Bilibi v. Klein, No. 05-3496, 2007 U.S. App. LEXIS 20694 at *3, 249 Fed. Appx. 284, 286 (3d Cir. Aug. 29, 2007)(citing Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006)). See also, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Kaucher, supra, (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998)). In conducting our review, we view the record in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. See, Conoshenti v. Public Service Electric & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004); Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). The mere existence of a scintilla of evidence in support of the nonmoving party's claim is insufficient. Bruesewitz v. Wyeth, Inc., 561 F.3d 233, 253 (3d Cir. 2009).

In applying the foregoing standards in our review of the record in this case, we find that while scant, sufficient evidence exists to raise a genuine issue of material fact with respect to both of the claims asserted by the plaintiff which can only be resolved by a jury. As a consequence, we are

```
                                    BY THE COURT:



                                    s/J. Curtis Joyner
                                    J. CURTIS JOYNER,       C.J.
```

---

foreclosed from granting the Defendants' motion for summary judgment.